

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NORMAN L. AGNEW, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:18-CV-575-A |
| | § | (Consolidate with |
| LORIE DAVIS, Director, | § | No. 4:18-CV-604-A) |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Norman L. Agnew, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) against Lorie Davis, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed without prejudice, in part, on exhaustion grounds, and denied, in part.

**I. Factual and Procedural History**

On December 11, 2017, in Tarrant County, Texas, petitioner pleaded guilty, pursuant to plea agreements, to injury to a child in Case No. 1429034D; theft of a firearm in Case No. 1434386D; unlawful possession of a firearm in Case No. 1434387D; and bail

jumping in Case No. 1475324D. (Pet. 2-3, doc. 3.[1]) He was sentenced in accordance with the plea agreements to 15 years' confinement in each case, the sentences to run concurrently. (Resp't's Preliminary Answer Ex. A, doc. 12-1.) Petitioner did not appeal his convictions or sentences, but did file a state habeas-corpus application raising one or more of the claims presented in this federal petition, which was denied by the Texas Court of Criminal Appeals without written order or hearing on the findings of the trial court. (Action Taken, doc. 27-1.)

## II. Issues

Petitioner's grounds for federal habeas relief are construed as follows:

(1) the Texas Board of Pardons and Paroles is using his two prior 2008 aggravated assault and 1998 arson convictions to deny his release to mandatory supervision in violation of the double jeopardy and due process clauses of the Fifth Amendment and the Ninth Amendment; and

(2) his sentence(s) were wrongfully enhanced in violation of the holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

(Pet. 6, 11-14, doc. 3; Consol. Pet. 6-7, doc. 1.[2])

Petitioner seeks a mandatory release date and requests that his sentence(s) be overturned. (Pet. 12, 14, doc. 3; Consol. Pet. 7, doc. 1.)

---

[1]Because there are unpaginated pages attached to the petitions, the pagination in the ECF headers is used.

[2]"Pet." refers to the petition in Case No. 4:18-CV-575-A; "Consol. Pet." refers to the petition in Case No. 4:18-CV-604-A.

2

## III. Exhaustion

Respondent asserts that petitioner's claims are wholly unexhausted, save for his second claim as it pertains to his 15-year sentence for theft of a firearm in Case No. 1434386D. (Resp't's Supp. Answer 6, doc. 29.) A petitioner must fully exhaust state court remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). Thus, a Texas prisoner must present his claims to the Texas Court of Criminal Appeals, the state's highest criminal court, in a petition for discretionary review or an application for writ of habeas corpus. *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). The exhaustion requirement is "not satisfied if the petitioner presents new legal theories or factual claims in his federal habeas petition." *Anderson v. Johnson*, 338 F.3d 381, 386 (5th Cir. 2003).

Having reviewed the state court records, the court agrees that petitioner's claims under ground (1), enumerated above, raised for the first time in this federal habeas petition are wholly unexhausted for purposes § 2254(b)(1)(A). The exhaustion requirement applies to prisoners challenging a denial of release to mandatory supervision. *See Hess v. Stephens*, No. 4:13-CV-093-

A, 2013 WL 3204373, at *1 (N.D.Tex. June 24, 2013); *Dodson v. Cockrell,* No. 4:02-CV-560-Y, 2002 WL 31495992, at *2 (N.D.Tex. Nov. 5, 2002).

A review of the records also reveals that petitioner's claim under ground (2) as it relates to petitioner's 15-year sentences in Case No. 1429034D for injury to child, Case No. 1434387D for unlawful possession of a firearm, and Case No. 1475324D for bail jumping raised for the first time in this federal petition is also wholly unexhausted for purposes § 2254(b)(1)(A). Although petitioner filed a state habeas application raising his claim under *Apprendi,* he only challenged his 15-year sentence in Case No. 1434386D for theft of a firearm. (SHR 24-25, doc. 27-2.[3]) Consequently, the discussion below applies only to petitioner's second ground as it pertains to his 15-year sentence in Case No. 1434386D.

## IV. Discussion

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as

---

[3]"SHR" refers to the record of petitioner's state habeas proceeding in WR-89,622-01.

established by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. *See id.* § 2254(d)(1)-(2); *Harrington v. Richter,* 562 U.S. 86, 100 (2011). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *See Richter,* 562 U.S. at 102.

The statute further requires that federal courts give great deference to a state court's factual findings. *See Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. A petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003); *Williams v. Taylor,* 529 U.S. 362, 399 (2000).

Additionally, when the Texas Court of Criminal Appeals denies relief on a state habeas-corpus application without written order, typically it is an adjudication on the merits, which is likewise entitled to this presumption. *See Richter,* 562 U.S. at 100; *Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court "should 'look through' the unexplained decision to the last related state-court decision providing" particular reasons, both legal and factual,

"presume that the unexplained decision adopted the same reasoning," and give appropriate deference to that decision. *Wilson v. Sellers,* 138 S. Ct. 1188, 1191-92 (2018).

Petitioner claims that his sentence was wrongfully enhanced under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi* holds that "*[o]ther than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490 (emphasis added).

The state habeas court found that petitioner was properly admonished of his rights before entering his guilty plea; that his plea was intelligently, freely, and voluntarily entered; that petitioner judicially confessed that all enhancement and habitual allegations in the indictment were true and correct; and that petitioner was sentenced within the proper range of punishment. (SHR 81, doc. 27-2.) Based on its findings, the court concluded that because petitioner's range of punishment was increased based solely upon his prior convictions and for no other reason, *Apprendi* is not applicable to petitioner's case. (Id. at 82.)

The state court's determination is a correct application of *Apprendi*. Petitioner was subject to an enhanced sentence based upon his two prior sequential felony convictions for aggravated assault and arson, as alleged in the indictment, under Texas's recidivist statute, the constitutionality of which was expressly

preserved by *Apprendi*. (Id. at 4.) Such facts about a defendant's prior criminal record may constitutionally be found by a judge. *See Almendarez-Torres v. United States,* 523 U.S. 224, 246-47 (1998).

For the reasons discussed herein,

It is ORDERED that petitioner's first ground and second ground as it pertains to his sentences in Case Nos. 1429034D, 1434387D, and 1475324D be, and are hereby, dismissed without prejudice subject petitioner exhausting the claims in state court. It is ORDERED that petitioner's second ground as it relates to his sentence in Case No. 1434386D be, and is hereby, denied. It is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED November 7, 2019.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE